## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| ALAMO FORENSIC SERVICES, LLC § | |
| § | |
| VS.  § | CIVIL ACTION NO:_ 5:20-cv-00038 _ |
| § | |
| § | |
| BEXAR COUNTY, TEXAS AND § | |
| JOE D. GONZALES § | |

### ALAMO FORENSIC SERVICES, LLC'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Alamo Forensic Services, LLC, complaining of and about Bexar County, Texas and Joe D. Gonzales.  AFS alleges a deprivation of rights due to its exercise of its rights under the First Amendment and for breach of implied contract, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Alamo Forensic Services, LLC (AFS) is a Texas LLC doing business within the Western District of Texas, San Antonio Division.

2. Defendant Bexar County, Texas is a Political Subdivision of the State of Texas and may be served with process by serving its agent for service: Bexar County Judge, Nelson Wolff, 101 West Nueva 10th Floor, and San Antonio, Texas 78205-3482.

3. Defendant Joe D. Gonzales is the Bexar County District attorney.  Defendant was acting under color of state law and in the course and scope of his employment as District Attorney at all times material.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear the merits of Plaintiff's claims under 42 U.S.C. § 1983 as they arise under federal statute and the United States Constitution.

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under Texas statutory law under 28 U.S.C. § 1367.

6. At the time of filing, damages are within the jurisdictional limits of this Court.

7. All the acts alleged herein occurred in Bexar County, Texas within the jurisdiction of the Western District of Texas, San Antonio Division.

8. Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

## MISNOMER/MISIDENTIFICATION

9. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## COLOR OF LAW

10. At all relevant times, Bexar County and Joe D. Gonzales were acting under color or pretense of law.

## CONDITIONS PRECEDENT

11. Plaintiff asserts that all conditions precedent to this lawsuit have been met.

## FACTS

12. Plaintiff Alamo Forensic Services, LLC provides breath alcohol testing and

2

instrument calibration services to Texas Law Enforcement.

13. Debra Stephens, an owner of Alamo Forensic, is a Technical Supervisor approved by the Texas DPS under its breath Alcohol program.

14. In 1969 the Texas Legislature passed the Implied Consent Law, which allows the Department of Public Safety (DPS), through the Office of the Scientific Director, to regulate breath alcohol testing in Texas by establishing regulations and procedures.

15. DPS has divided Texas into more than 30 "Technical Supervisor Areas." The Areas have Technical Supervisors who are responsible for supervising breath alcohol testing by all operators and ensuring that equipment is functioning properly.

16. DPS is responsible for ensuring that Technical Supervisors are qualified for their position.

17. Essentially, Technical Supervisors are responsible for making sure that local law enforcement is properly trained in the use of the Intoxilyzer 9000 and other equipment used to determine if an individual has been driving under the influence or driving while intoxicated.

18. Technical supervisors are also responsible for ensuring that equipment is properly calibrated and in good working condition. They also provide expert testimony when needed to support validity of the results given Intoxilyzer and testify as to the scientific background that the equipment is based on.

19. While DPS directly employs some Technical Supervisors, and local agencies are able to hire their own, Bexar County operates by using independent contractors to provide the services.

20. Traditionally, the Bexar County has provided breath testing services and technical

supervisors for smaller municipalities, including Universal City, Schertz, Converse, Alamo Heights, and Castle Hills.

21.     Additionally, the Texas DPS will assign breath test certified operators to the various Technical Supervisors. Recently, test operators from Hollywood Park were assigned to Alamo Forensic.

22.     Bexar County and AFS entered into a contract for breath test services in September 2012. A new contract was entered into between Bexar County and AFS on December 16, 2014 ("the Contract"). ***Exhibit A to this Petition***.

23.     Under the terms of the Contract, Alamo Forensic Services agreed to provide the following: Maintenance of County breath-test instruments; labor and parts for repair of the instruments; supervision of all certified breath-test operators in Bexar County other than those employed by the San Antonio Police Department; Expert testimony on breath tests; Clerical support; and training classes. ***Exhibit A – Article 3***.

24.     In exchange for the services, Bexar County agreed to pay a monthly fee of $12,750.00 per month; expense reimbursements not to exceed $10,000.00 per year for expendables, training, parts, and other miscellaneous; $1,800.00 per month for rent; and $80.00 per month for parking. ***Exhibit A – Article 5***.

25.     The Contract was for a 1 year term, however, it was renewed for additional one year terms three times, up through February 1 of 2018. ***Exhibits B, C, and D – Contract extensions***.

26.     Under Article 2 of the Contract, either party was able to terminate the Agreement by giving 30 days written notice.

27. On December 29, 2017, Alamo Forensic was informed in writing by the Director of Bexar County Judicial Support Services Mike Lozito that Bexar County was not going to renew the Contract.

28. Despite the termination of the Contract, has Bexar County continued to request services from Alamo Forensic just as it did during the period of the Contract. These include requests for records, requests for expert testimony, requests for training services, and requests for certification and maintenance of equipment.

29. Since February 1, 2018, Alamo Forensic has provided expert testimony for Bexar County law enforcement in over 20 cases. It has also received 320 subpoenas to provide testimony and breath records. It has further received hundreds of emails from the Bexar County District attorney's office regarding expert testimony, support services, and records since February 1, 2018.

30. Since February 1, 2018, Alamo Forensic has not been compensated for the services it is providing, even though it is providing the same services that were being requested during the pendency of the contract and is invoicing Bexar County.

31. Alamo Forensic continued to provide services with the expectation of being paid because the usual practice of Bexar County was to pay invoices well after they were due, particularly around the end of the year.

32. For example in March 2018, Ms. Stephens had to contact Bexar County about payments for invoices from November 2017, December 2017, and January 2018 that remained unpaid. She was told that they would be paid, however, no payment was received and she had to follow up again on April 23, 2018.

33. When Debra Stephens approached the Scientific Director of DPS about the

5

situation she was asked to continue providing services because the contract situation would "work itself out."

34. It is well established that breath test service providers may charge reasonable amounts for copies of their records. Under Attorney General Opinion OR2014-09869, Alamo Forensic is not a governmental body and is not required to provide information under the Public Information Act. Additionally, the Standard Order for Discovery of Breath Test Records entered by the Bexar County Judges in 2014 at 2014 SO 08, allows for a reasonable charge for the duplication of breath test records at ¶¶20-21.

35. Eventually, Alamo Forensic stopped providing records to the Bexar County DA because they were not receiving payment. Alamo Forensic also began requesting that compensation be provided for any expert testimony beginning May of 2018.

36. Bexar County currently has a contract for breath test services with Quality Forensic Toxicology, L.L.C. Despite this, Bexar County continues to make requests for services and records from Alamo Forensic, particularly in regards to testing services provided to smaller municipalities.

37. Because of this, Alamo Forensics is again being asked to do work that it was doing under the terms of the Contract without being compensated.

38. Bexar County also began asked Alamo Forensic to turn over proprietary trade information.

39. Alamo Forensic has repeatedly informed Bexar County about the pay situation, including on May 4, 2018, May 18, 2018, November 8, 2018, January 16, 2019, February 27, 2019, March 20, 2019\, May 16, 23019

40. Alamo Forensic has repeatedly informed the County to stop sending subpoenas for records including on March 20, 2018, May 4, 2018,

41. Alamo Forensic has repeatedly informed the County that records will not be provided without proper compensation including on October 15, 2018, November 8, 2018, January 16, 2019, February 27, 2019.

42. Despite this, Alamo Forensic is still called for services and to provide training, support, and testimony in Bexar County cases. Alamo Forensic Services is not denied access to the testing facilities including those at Universal City, Schertz, Converse, Alamo Heights, and Castle Hills.

43. Additionally, Debra Stephens became concerned about the practices being used by Quality Forensic Toxicology and submitted a complaint to the Office of the Scientific Director of the Texas DPS Breath Alcohol Lab on February 2, 2019.

44. DPS conducted an audit and found that Quality Forensic Toxicology was in compliance.

45. Ms. Stephens was not satisfied with that determination and sent a letter to the Texas Attorney General on June 27, 2019. She also informed the Bexar County District Attorney's office about concerns with Quality Forensic Toxicology's testing on August 26, 2019.

46. On October 10, 2019, the Bexar County District Attorney's Office issued a "Memorandum of Disclosure" making several claims about Ms. Stephens including: claiming that Ms. Stephens had made false statements that she was not being paid; claiming that she had made false statements about Quality Forensic Toxicology being fined by the government; and, claiming that Ms. Stephens had denied knowledge of photos of her lab being taken or that a court order had

been issued for the photos.

47.     Contrary to the position in the Memorandum, Alamo Forensic and Ms. Stephens have been performing work for the County without compensation.  Additionally, an employee of Quality Toxicology, LLC, a company with the same ownership, address, and registered agent as Quality Forensic Toxicology, LLC, was convicted of defrauding Medicare through excessive testing performed at Quality Toxicology in Cause No. M-17-1046 in the Southern District of Texas, McAllen Division.  Finally, regarding the photos, Ms. Stephens had stated that she did not remember the photos being taken or the court order, and did not deny that it had happened as suggested in the Memorandum.

## **BREACH OF IMPLIED CONTRACT**

48.     Although the Contract between AFS and Bexar County ended, Bexar County continued to request services as it had under the Contract and AFS continued to provide the services as it had under the Contract.  The actions of the parties show that an implied contract existed, however Bexar County breached that agreement and as a result AFS suffered damages.

49.     Under Texas law the elements of breach of contract are the same whether the contract is express or implied.  ***Copeland v. D&J Construction, LLC*** 2016 WL 1212128, *2 (N.D. Tex, 2016).  The elements are:

        a.     The existence of a valid contract;

        b.     Breach of the contract by the defendant;

        c.     Performance or tendered performance by the plaintiff; and,

        d.     Damages sustained by the plaintiff as a result of the defendant's breach. ***Copeland*** at *2.

50. Where a plaintiff is alleging that the contract is implied, the plaintiff must show that under the circumstances, the acts of the parties indicate a mutual intention to contract, such as where one party accepts the tendered services of another under circumstances justifying the inference that the other party expected to be paid. *Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Enterprises* 625 S.W. 2d 295, 298 (Tex. 1981). Implied contracts are equally binding as express contracts. *Id*.

51. Here, the evidence demonstrates that after the expiration of the contract between AFS and Bexar County that Bexar County continued to request services from AFS as it did under the Contract and that AFS continued to provide the services and invoice Bexar County as it did under the Contract. Despite this, Bexar County has not paid AFS and AFS has been damaged as a result of the breach by Bexar County.

## IN THE ALTERNATIVE TO BREACH OF CONTRACT – QUANTUM MERUIT

52. In the alternative, if the Court finds that there was no implied contract between the parties, Plaintiff is still entitled to recover on the basis of Quantum Meruit. Here Plaintiff provided valuable services in the form of breath alcohol testing services for Defendant. Defendant accepted and continued to accept these services. The circumstances show that Defendant is reasonably notified that Plaintiff is expecting to be paid for those services by Defendant.

## SECTION 1983 FIRST AMENDMENT INTEREST

53. As set forth above, AFS and Debra Stephens raised concerns about breach alcohol testing being conducted in Bexar County following the end of the written contract between AFS and Bexar County.

54. Following those statements Bexar County and Joe D. Gonzales, the Bexar County

Criminal District Attorney, issued a Memorandum of Disclosure attacking the complaints made by Stephens, asserted that she made false statements, and mischaracterized testimony she gave in a case to attack her and AFS' professionalism.

55. Joe D. Gonzales was employed by and in the course and scope of his employment as Bexar County District Attorney at all times pertinent hereto.

## DAMAGES

56. Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

   a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff both for breach of contract under state law and under 42 U.S.C. § 1988(b);

   b. All damages incurred as a result of the breach of contract by Defendant;

   c. Harm to business and reputation as a result of the retaliatory acts by Defendant in violation of the First Amendment;

   d. Punitive damages for the retaliatory acts by Defendant in violation of the First Amendment;

   e. All reasonable and necessary costs incurred in pursuit of this suit;

   f. Expert fees as the Court deems appropriate;

## JURY DEMAND

57. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Alamo Forensic Services, LLC, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; attorney fees and costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully submitted,

    By: __/s/ Alan Braun_____

**ADAM PONCIO**
**State Bar No. 16109800**
**ALAN BRAUN**
**State Bar No. 24054488**
**PONCIO LAW OFFICES, P.C.**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 109**

**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**