# United States Court of Appeals
# for the Fifth Circuit

FILED
July - 9 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

United States Court of Appeals
Fifth Circuit
**FILED**
June 17, 2021
Lyle W. Cayce
Clerk

No. 20-50449

ALAMO FORENSIC SERVICES, L.L.C.,

*Plaintiff—Appellant,*

*versus*

BEXAR COUNTY, TEXAS; JOE D. GONZALES,

*Defendants—Appellees,*

*versus*

DEBRA STEPHENS,

*Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-38

Before DENNIS and ENGELHARDT, *Circuit Judges*, and HICKS, *District Judge*[*].

---

[*] Chief District Judge of the Western District of Louisiana, sitting by designation.



Certified as a true copy and issued
as the mandate on Jul 09, 2021

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 20-50449

# JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2021

Lyle W. Cayce
Clerk

No. 20-50449

ALAMO FORENSIC SERVICES, L.L.C.,

    *Plaintiff—Appellant,*

*versus*

BEXAR COUNTY, TEXAS; JOE D. GONZALES,

    *Defendants—Appellees,*

*versus*

DEBRA STEPHENS,

    *Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-38

---

Before DENNIS and ENGELHARDT, *Circuit Judges*, and HICKS*, *District Judge*.

---

* Chief District Judge of the Western District of Louisiana, sitting by designation.

No. 20-50449

Per Curiam:*

Plaintiff–Appellant Alamo Forensic Services, LLC (AFS) appeals the dismissal of its action against Defendants-Appellees Bexar County, Texas, and Bexar County Criminal District Attorney Joe D. Gonzales for alleged breach of implied contract and violations of First Amendment Rights pursuant to 42 U.S.C. § 1983. The district court granted Defendants' motion to dismiss, finding that AFS had failed to state a plausible breach of contract claim and that AFS lacked standing to assert the constitutional rights of an unnamed party. On appeal, AFS asserts that the district court erred in denying its motion for leave to file an amended complaint and granting Defendants' motion to dismiss. We AFFIRM.

I.

Alamo Forensic Services, LLC provides breath alcohol testing and instrument calibration services to various Texas law enforcement agencies and governmental entities. Between September, 2012 and February, 2018, AFS contracted with Bexar County (the "Contract") to provide maintenance of breath-test instruments, labor and parts for repair of those instruments, supervision of breath-test operators for the County, expert testimony on breath tests, clerical support, and training classes in exchange for a monthly fee and expense reimbursements from Bexar County.

Under the terms of the Contract, either party could terminate the agreement with thirty days written notice. On December 29, 2017, AFS was informed in writing by the Director of Bexar County Judicial Support Services that the County was not going to renew when the Contract's term expired on February 1, 2018. Bexar County subsequently contracted with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

No. 20-50449

one of AFS's competitors, Quality Forensic Toxicology, LLC (QFT) for the same services. AFS alleges that after the Contract expired, Bexar County continued to request services from AFS, but failed to compensate for those services. As a result, AFS stopped providing records to the Bexar County District Attorney.

Debra Stephens (Stephens), owner of AFS, is a Technical Supervisor approved by the Texas Department of Public Safety (DPS) under its Breath Alcohol Testing Program. Stephens allegedly became concerned about the practices being used by QFT and submitted a complaint to the Office of the Scientific Director of the Texas DPS Breath Alcohol Lab on February 2, 2019. According to AFS, DPS conducted an audit and found that QFT "was in compliance." Unsatisfied with the results of the DPS audit, Stephens submitted a letter to the Texas Attorney General on June 27, 2019, and shared her concerns with the Bexar County District Attorney's office about QFT's testing on August 26, 2019. AFS claims that, in response to Stephens' letter, Criminal District Attorney Joe Gonzales (Gonzales) issued a Memorandum of Disclosure that inaccurately attributed several false statements to Stephens.

On January 13, 2020, AFS brought a claim for breach of implied contract, a claim in the alternative for quantum meruit, and a claim pursuant to 42 U.S.C. § 1983 alleging a violation of the First Amendment rights of Stephens. On February 25, 2020, Appellees filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On March 10, 2020, AFS filed a response in opposition to the motion, arguing the motion to dismiss should be denied because "a plaintiff is not required to plead facts supporting each and every element of [its] claim or legal theory," "a plaintiff is not required to plead law or the legal elements of its claims," and discovery has not yet begun.

3

No. 20-50449

AFS also included with its response to the motion to dismiss a request for leave to file an amended complaint. The proposed amended complaint abandoned AFS's implied contract and quantum meruit claims, and instead asserted a claim for unconstitutional deprivation of property rights based on the same facts, and sought to add Stephens as a named plaintiff. The district court entered an order granting the Defendants' motion to dismiss and denying AFS's motion seeking leave to file the amended complaint. AFS timely appealed.

II.

We review the district court's grant of a motion to dismiss *de novo*. See *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). To survive a 12(b)(6) motion, the plaintiff's complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts asserted must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Limiting its review to the face of the pleadings, this court accepts as true all well-pleaded facts and views them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the plaintiff must provide more than "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). The factual bases for the plaintiff's complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant

No. 20-50449

fair notice of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Id.*

### III.

Defendants argue AFS failed to state a viable claim for breach of implied contract or quantum meruit and failed to state a viable First Amendment claim. AFS argues the motion should be denied because they set forth additional facts that state a legally cognizable claim.[1]

### *Breach of Implied Contract and Quantum Meruit*

In response to the motion to dismiss, AFS requests leave to file an amended complaint which removes the breach of contract and quantum meruit claims, adds Stephens as a plaintiff in her individual capacity, and adds a claim for unconstitutional deprivation of property rights, based on the same facts.

Defendants assert Bexar County is entitled to governmental immunity against breach of contract and quantum meruit claims. The Supreme Court of Texas has provided significant guidance on issues of immunity. "A unit of state government is immune from suit and liability unless the state consents." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (citations omitted). Unless the party suing the governmental entity meets its burden of establishing that governmental immunity is waived, the

---

[1] Plaintiff's response to Defendants' motion to dismiss was filed concurrently with Plaintiff's request for leave to file an amended complaint. The court will analyze the proposed amended complaint on the issue of futility. The discussion of the proposed amended complaint is based on the district court's evaluation denying the motion for leave.

trial court lacks jurisdiction to consider the claim. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012).

To establish such a waiver of governmental immunity, a plaintiff must either point to an express legislative waiver or a constitutional provision that allows the plaintiff to bring the claim against the governmental unit. *Luttrell v. El Paso Cty.*, 555 S.W.3d 812, 826 (Tex.App.—El Paso 2018, no pet.). AFS has failed to identify any waiver of governmental immunity that would permit those claims to proceed, and has therefore failed to plead facts showing either that any court may exercise subject matter jurisdiction over those claims or that they are viable. We affirm dismissal of the breach of contract and quantum meruit claims.

### *Due Process Deprivation of Property*

In the proposed amended complaint, AFS adds a new claim against Bexar County: that AFS and Stephens "had property taken from them without compensation in violation of Plaintiffs' due process rights under the [Fourteenth] Amendment in violation of 42 U.S.C. § 1983." To establish municipal liability under § 1983, a plaintiff must plead three elements: "(1) an official policy (or custom) of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* at 541–42 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). AFS fails to address these elements in its original or proposed amended complaint.

To establish a § 1983 procedural due process claim, a plaintiff must show: (1) that he or she was deprived of a property interest protected by the Fourteenth Amendment, and (2) that the process attendant to the deprivation was constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A plaintiff must demonstrate a "legitimate claim of entitlement" to that property interest. *Nunez v. Simms*, 341 F.3d 385, 387

(5th Cir. 2003). An implied contract may provide the source of such a property interest. *White v. Miss. State Oil and Gas Bd.*, 650 F.2d 540, 543 (5th Cir. Unit A 1981). AFS's proposed amended complaint, however, fails to show that AFS had an implied contract that would be enforceable under Texas law. Because AFS has not adequately pled a violation of the Due Process Clause, its § 1983 procedural due process claim fails.

### *First Amendment*

AFS alleges that Defendants issued the Memorandum of Disclosure after Stephens complained about QFT in an attempt to mischaracterize her concerns and attack her personally. In their motion to dismiss, Defendants argue this claim should be dismissed because: (1) AFS lacks standing to seek redress based on a Memorandum of Disclosure issued regarding Stephens; (2) the claim is barred by the Eleventh Amendment, and by both governmental and prosecutorial immunity; (3) District Attorney Gonzales, acting in his official capacity in issuing the Memorandum of Disclosure, is immune from claims for damages under the Eleventh Amendment; (4) District Attorney Gonzales, as prosecutor, is immune from a § 1983 claim for acts that are within the scope of his prosecutorial duties; (5) the official-capacity suit is barred by governmental immunity; and (6) the claim is more accurately described as a defamation claim, and such claims are not actionable under § 1983. We need only address the issue of standing.

The requirement that a claimant have standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Davis v. FEC*, 554 U.S. 724, 733 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must demonstrate that he or she has suffered an "injury in fact" that is "fairly traceable" to the defendant's actions and will "likely…be redressed by a favorable decision." *Lujan*, 504 U.S. 560-61. The claimant bears the burden of establishing

7

Case 5:20-cv-00038-XR   Document 25   Filed 07/09/21   Page 10 of 12
Case: 20-50449   Document: 00515931084   Page: 8   Date Filed: 07/09/2021

No. 20-50449

standing, and "each element [of the three-part standing inquiry] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof; *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. To prove an injury in fact sufficient to raise a First Amendment facial challenge, "a plaintiff must produce evidence of an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute." *Zimmerman v. City of Austin, Texas*, 881 F.3d 378, 388 (5th Cir. 2018) (quoting *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008)).

In addition to those constitutional requirements, the Supreme Court has also established prudential constraints, one of which requires courts to refrain from adjudicating claims that assert the rights of third parties. *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975). One principle of prudential standing requires "that a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919–20 (5th Cir. 2011)).

One exception in which a litigant may assert the rights of a third party is when, in addition to his or her own Article III standing, the litigant also has a close relationship to the third party such that the parties' interests are aligned and there is some "hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400, 411 (1991). AFS pleads nothing to support the notion that Stephens is hindered from protecting her own interests. We find AFS lacks standing to assert the First Amendment rights of Stephens and affirm dismissal of this claim.

Case 5:20-cv-00038-XR   Document 25   Filed 07/09/21   Page 11 of 12
Case: 20-50449    Document: 00515931084    Page: 9    Date Filed: 07/09/2021

No. 20-50449

*Retaliation under Section 1983*

In the proposed amended complaint, AFS and Stephens assert a claim that Defendants retaliated against AFS in response to Stephens' complaints about QFT by failing to compensate for services provided to Bexar County and not contracting with AFS again.

The First Amendment prohibits adverse governmental action against an individual in retaliation for the exercise of protected speech activities. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). To assert a claim for retaliation under Section 1983, a plaintiff must show: (1) he or she was engaged in constitutionally protected activity, (2) the defendants' actions caused plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *Id.*

The retaliation claim asserted by AFS and Stephens is inconsistent with the record. The alleged failure to compensate AFS began in 2018; Stephens made her complaints a year later, beginning in February 2019. The complaints made by Stephens cannot have caused the failure to pay when the failure to pay predated the complaints. Further, to the extent Plaintiffs' retaliation claim is based on the alleged failure to consider AFS as a future contractor, such an allegation, without pleading more, is speculative and hypothetical and thus does not form the basis of a justiciable case or controversy sufficient to confer Article III standing. *Lujan*, 504 U.S. at 560. Consequently, the claim for retaliation under Section 1983 fails.

IV.

AFS also asserts that the district court erred in denying leave to amend its complaint as to the claims under the First Amendment and for an unlawful taking under 42 U.S.C. §1983.

No. 20-50449

We review the district court's denial of leave to amend a complaint under Federal Rule of Civil Procedure 15 for abuse of discretion. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Schiller*, 342 F.3d at 566. After analyzing the motion, the district court determined that AFS's proposed amended complaint was futile as to the claims for retaliation and for an unlawful taking under 42 U.S.C. §1983. Specifically, the court found that AFS's proposed amended complaint failed to show that Plaintiff had a property interest—the alleged implied contract—that would be enforceable under state law. The district court also found that "there is no basis by which the court could find that Plaintiffs' allegedly protected speech caused Bexar County to fail to compensate Plaintiffs for their work or consider them as a potential contractor." The district court did not abuse its discretion in denying leave to amend the complaint.

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.